UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS L. SKEEN, on his own behalf and others similarly situated,  )  )   )   ) Plaintiff,   )   )   ) vs.   )   ) JSJ EXPRESS, INC, and JAMES   ) SHERMAN, JR., individually and as the ) President and CEO of the corporate   ) Defendant,   )   ) Defendant.   ) _____ ) | CIVIL ACTION FILE NO.:  FAIR LABOR STANDARDS ACT COLLECTIVE ACTION    **JURY TRIAL DEMAND** |

# COMPLAINT

COMES NOW, Plaintiff Marcus L. Skeen , who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter FLSA) on behalf of himself and others similarly situated for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

- 1 -

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

3.

At all times material to this complaint, Plaintiff and others similarly situated engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 203(j).

4.

The additional persons that may become Plaintiffs in this action are Defendants current and/or former employees that are/were non-exempt and who during one or more work weeks in the three year statute of limitations period were not paid time and a half wages for all hours they worked in excess of forty (40) in a work week.

## PARTIES

5.

Plaintiff is a former driver for the Defendant who was denied overtime compensation during the terms of his employment.

6.

Named Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).

7.

Defendant JSJ Express, Inc. is a Corporation formed under the laws of the State of Georgia which provides delivery services throughout the metropolitan Atlanta area. Defendant may be served with process through its registered agent, James Sherman, Jr., 7325 Watonga Way, Riverdale, Georgia, 30296 in Clayton County, Georgia.

8.

Defendant James Sherman, Jr., is the President and CEO of JSJ Express, Inc., which is a corporation formed under the laws of the State of Georgia. Defendant may be served with process at his principal place of business located at 3522 Ashford

Dunwoody Road, Suite 417, Brookhaven, Georgia 30319 in DeKalb County, Georgia.

9.

Defendant is an employer and/or joint-employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

10.

Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce. At all times material to this complaint Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

## FACTUAL ALLEGATIONS

11.

Upon information and belief, Defendant has in the past and currently employs over 10 employees in the metropolitan Atlanta area.

12.

Plaintiff and the members of the class they seek to represent are employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

13.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

14.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

15.

At all times relevant to this action, the Plaintiff was required to work a specific schedule and had to clock in and out of work.

16.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

17.

Prior to April 20, 2014 to September 8, 2015, Defendant required Plaintiff to work in excess of 40 hours per workweek.

18.

Prior to April 20, 2014 to September 8, 2015, Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which they are employed.

19.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. § 207.

20.

Defendant is liable to Plaintiff and all members of the putative opt-in class for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## Count I

### (**CLAIM FOR RELIEF UNDER FLSA § 207**)

21.

The above facts support Plaintiff's claims for relief under the FLSA.

22.

Defendant failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount

equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. §216.

## Count II

(**CLAIM FOR MINIMUM WAGE**)

23.

The above facts support Plaintiff's claims for relief under this claim.

24.

At all times relevant to this action, the Plaintiff was a driver and was charged a weekly uniform fee by the Defendant which was docked from his pay check.

25.

The Plaintiff was also docked a weekly fee for any damages that occurred to the Defendant's truck.

26.

Plaintiff has been denied his minimum wage benefits, and workplace opportunities by the Defendant so that he is entitled to back pay, front pay overtime, as well as both compensatory and punitive damages to deter the Defendant from repeating such conduct in the future.

## Count III

### (CLAIM FOR RETALIATION)

27.

Plaintiff incorporates the allegations contained in the above paragraphs.

28.

Defendant violated Plaintiff's federally protected rights by retaliating against him for inquiring why he was not being paid his minimum wages.

29.

Plaintiff asked his boss why his direct-deposit was not deposited in his account and his boss terminated him.

30.

Plaintiff was retaliated and fired for inquiring about his direct deposit.

31.

Defendant's treatment of Plaintiff was motivated in retaliation for Plaintiff speaking out about not being compensated.

32.

Defendant's agent, in particular, his boss refused to refused to talk with the Plaintiff regarding his pay check.

33.

Defendant's actions injured Plaintiff and caused damages including but not limited to the loss of income, lost promotions, pain, suffering, and humiliation all flowing from Defendant's illegal actions.

34.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

WHEREFORE, the Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendant's workers past and present, who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment that all employees employed prior to April, 2014 (or such other date as the evidence may show as the date on which Defendant began to compensate their employees with overtime) are covered by the provisions of the FLSA and that Defendant failed to comply with the requirements of the FLSA;

(f) Award Plaintiff their attorney's fees and costs; and

(g) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 19th day of April, 2016.

        **PANKEY & HORLOCK, LLC**

        By: /s/Larry A. Pankey
            Larry A. Pankey
            Georgia Bar No. 560725
            Attorneys for Plaintiff

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Phone: 770-670-6250
Fax:   770-670-6249

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff Marcus L. Skeen, hereby certifies that **PLAINTIFF'S COMPLAINT** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

        **PANKEY & HORLOCK, LLC**

        By: /s/ Larry A. Pankey
            Larry A. Pankey
            Georgia Bar No. 560725
            **Attorneys for Plaintiff**

1441 Dunwoody Village Parkway, Suite 200
Atlanta, Georgia 30338-4122
770-670-6250
770-670-6249 (fax)
lpankey@pankeyhorlock.com